1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   NAVJOT SINGH,                         )    Case No. ED CV 26-00511 FMO (PVC)
                                            )
12                    Petitioner,           )
                                            )
13          v.                              )    **ORDER RE: MOTION FOR TEMPORARY**
                                            )    **RESTRAINING ORDER**
14   MARK BOWEN, et al.,                    )
                                            )
15                    Respondents.          )
                                            )
16   _____      )

17          The court has reviewed and considered all the briefing filed with respect to Navjot Singh's

18   ("petitioner") Motion for Temporary Restraining Order, which the court construes as an Ex Parte

19   Application for a Temporary Restraining Order, (Dkt. 3, "Application").   In their Response,

20   respondents acknowledge that petitioner "appears to be a member of the Bond Eligible Class

21   certified in Maldonado Bautista v. Santacruz," and suggest that "to the extent Petitioner would be

22   entitled to any remedy via the TRO Application, at most it would be ordering a bond hearing to be

23   held before an Immigration Judge under Section 1226(a)."  (Dkt. 12, Response at 2).  But that is

24   the only issue addressed by respondents in their Opposition.  (See, generally, id.).  In other words,

25   respondents failed to provide any arguments in opposition to the procedural due process argument

26   raised by petitioner in his Application, (see, e.g., Dkt. 3, Application at 6) ("Because Petitioner is

27   denied under the wrong statute and denied procedural protections guaranteed by law, he is likely

28   to succeed on the merits of his statutory and constitutional claims.") (emphasis added); (id. at 9)

("Where DHS has already determined that detention is unnecessary and later re-detains a noncitizen without any violation or changed circumstances, a belated custody hearing does not fully cure the constitutional violation."), which the court construes as a concession. See, e.g., GN Resound A/S v. Callpod, Inc., 2013 WL 1190651, *5 (N.D. Cal. 2013) (construing a party's failure to oppose an issue as a concession to the opposing party's argument). Accordingly, IT IS ORDERED THAT:

1. Petitioner's Application for a Temporary Restraining Order **(Document No. 3)** is **granted** as set forth in this Order.

2. Respondents shall release petitioner from immigration detention forthwith, and shall not impose any release restrictions (e.g., electronic monitoring) on petitioner that were not in place prior to petitioner's arrest or detention in this case unless deemed necessary at a future pre-deprivation bond hearing.

3. Respondents shall file with the court a Notice of Compliance within twenty-four (24) hours of releasing petitioner.

4. Respondents shall not re-detain petitioner during the pendency of these proceedings without providing petitioner with, at minimum, individualized notice describing the change in circumstances necessitating his arrest and/or detention, and a pre-deprivation bond hearing before an immigration judge. Petitioner shall not be detained unless respondents demonstrate at the pre-deprivation hearing that petitioner is a flight risk or a danger to the community, and that there are no combination of conditions that will reasonably assure petitioner's appearance and/or the safety of any other person in the community. If petitioner is again placed into detention in this District following proceedings in this case, respondents shall not transfer or remove petitioner from this District unless executing a final order of removal issued against petitioner.

5. Given that the standard for granting a TRO and preliminary injunction are the same, Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001), the court will construe petitioner's Application as an application for a preliminary injunction ("PI Application").

6.  Respondents shall file their opposition to the PI Application by no later than **February 26, 2026**.  Failure to file their opposition by the deadline set forth above shall be deemed as consent to the granting of the PI Application.

7.  Petitioner shall file his Reply in support of his PI Application by no later than **March 2, 2026**.

8.  The court shall decide, after reviewing the parties' papers, whether to hold a hearing on the PI Application or take the PI Application under submission.

Dated this 23rd day of February, 2026.


_____
/s/
Fernando M. Olguin
United States District Judge