**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NAVJOT SINGH,<br><br>        Petitioner,<br><br>v.<br><br>MARK BOWEN, et al.,<br><br>        Respondents. | Case No. EDCV 26-0511 PVC<br><br>**MEMORANDUM DECISION AND ORDER GRANTING PETITION** |

**I.**

**INTRODUCTION AND PROCEDURAL HISTORY**

On February 5, 2026, Petitioner Navjot Singh ("Petitioner"), an immigration detainee represented by counsel, filed a Petition for Writ of Habeas Corpus By a Person in Federal Custody Under 28 U.S.C. § 2241 (the "Petition"), challenging his detention by Immigration and Customs Enforcement ("ICE"). (Dkt. 1 at 5.)  Also on February 5, 2026, Petitioner filed an Application for Temporary Restraining Order and Preliminary Injunction. (Dkt. 3.)  On February 23, 2026, the District Judge issued an Order granting Petitioner's Application for Temporary Restraining Order and ordered Respondents to release petitioner forthwith.  (Dkt. No. 13 at 2).  Petitioner was released that same day.  (Dkt. No. 14 at 1).  On April 15, 2026, the

District Judge granted Petitioner's Motion for a Preliminary Injunction. (Dkt. No. 17 at 2). On April 24, 2026, the parties filed a Joint Status Report outlining their respective positions on the issues that remain to be decided in the underlying Petition (Dkt. No. 18 at 1-3) and consenting to the undersigned Magistrate Judge for all purposes (*id*. at 3). In the Joint Status Report, respondents assert that the case is moot due to petitioner's release.[1] (*See* Dkt. No. 18 at 3). Petitioner contends that the case is not moot merely because he has been released. (*See* Dkt. No. 18 at 2–3). Respondents made the same argument for mootness in the Opposition to PI Application ("Opp'n") and provide no further information in the Joint Status Report. (*See* Dkt. No. 15 at 1–2). (*See*, *generally*, Dkt. No. 18). For the same reasons outlined in the District Judge's order granting the preliminary injunction, the Petition is not moot. (*See* Dkt. No. 17 at 2).

Based on the foregoing, IT IS ORDERED THAT:

1. Petitioner's Petition for Writ of Habeas Corpus (Dkt. No. 1) is **GRANTED IN PART** as set forth in this Order. The Petition is granted as to Petitioner's procedural due process claim.[2]

2. Respondents shall not re-detain Petitioner without providing Petitioner with, at minimum, individualized notice describing the change in circumstances necessitating Petitioner's arrest and/or detention, and a pre-deprivation bond hearing before an immigration judge. Petitioner shall not be detained unless Respondents demonstrate at a pre-deprivation hearing that Petitioner is a flight risk or a danger to the community, and that there are no combination of conditions that will reasonably assure Petitioner's appearance and/or the safety of any other person in the

---

[1] Respondents do not offer any other arguments why the Court should deny the Petition. (*See*, *generally*, Dkt. No. 18, Joint Status Report).

[2] Because the resolution of Petitioner's procedural due process claim provides the requested relief, the Court need not reach his substantive due process or INA claims.

2

community.  If Petitioner is again placed into detention in this District following proceedings in this case, Respondents shall not transfer or remove Petitioner from this District unless executing a final order of removal issued against Petitioner.

3.  Judgment shall be entered accordingly.

DATED:

_____
HON. PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

3